FILED
CLERK
11/19/2018 1:16 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAGNACOUSTICS, INC.,

                Plaintiff,

  v.

INTEGRATED COMPUTER SOLUTIONS, INC.,
and PETER WINSTON,

                Defendants.
------------------------------------------------------------X

**ORDER**
17-CV-4967 (JMA) (AKT)

**AZRACK, United States District Judge:**

On August 11, 2017, Magnacoustics, Inc. ("Magnacoustics") filed the instant suit (the "New York Action") against defendants Integrated Computer Solutions, Inc. ("ICS") and, its principal, Peter Winston (collectively, the "ICS Litigants"). On August 15, 2017, ICS filed a complaint against Magnacoustics and its principal, Wayne Lederer (hereinafter, the "Massachusetts Action"). The parties' motion papers recount the parties' relationship and communications leading up to the filing of these actions.

Currently pending before the Court is the ICS Litigants' motion to dismiss the New York Action and Magnacoustics' motion to have the Massachusetts Action transferred here, to the Eastern District of New York. For the reasons stated below, the ICS Litigants' motion to dismiss is denied and Magnacoustics' motion to transfer the Massachusetts action is granted.

## I. DISCUSSION

According to the Second Circuit:

> As a general rule, [w]here there are two competing lawsuits, the first suit should have priority. . . . We have recognized only two exceptions to the first-filed rule: (1) where the "balance of convenience" favors the second-filed action, and (2) where "special circumstances" warrant giving priority to the second suit.
>
> Given the centrality of the balance of convenience, the "special circumstances" in which a district court may dismiss the first-filed case without this analysis are quite

1

rare. In fact, we have identified only a limited number of such circumstances. One exists where the first-filed lawsuit is an improper anticipatory declaratory judgment action. . . . Another special circumstance is "where forum shopping *alone* motivated the choice of the situs for the first suit." William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (2d Cir.1969) (emphasis added). This does not mean that any evidence of forum shopping will suffice. Any lawyer who files a case on behalf of a client must consider which of the available fora might yield some advantage to his client, and thus, to that degree, engages in "forum shopping." Rather, the first-filing plaintiff must engage in some manipulative or deceptive behavior, or the ties between the litigation and the first forum must be so tenuous or de minimis that a full "balance of convenience" analysis would not be necessary to determine that the second forum is more appropriate than the first. Where special circumstances are not present, a balancing of the conveniences is necessary.

Employers Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008) (citations and internal marks omitted).

The ICS Litigants argue that the first-filed rule should not be applied here because of the existence of special circumstances. Specifically, the ICS Litigants contend that the New York Action is an improper anticipatory action and that Magnacoustics' attorneys engaged in misleading conduct in order to win a race to the courthouse. The ICS Litigants also argue that the balance of convenience factors weigh in favor of dismissal.

For the reasons forth below, the Court concludes that special circumstances do not exist here that warrant departing from the first-filed rule. The Court finds that Magnacoustics' filing of the New York Action was not an improper anticipatory filing. As ICS's own complaint in the Massachusetts Action indicates, Magnacoustics communicated "a clear threat of litigation" to ICS in March 2017, prior to ICS's demand letter. (Massachusetts Compl. ¶ 45.) Moreover, during an April 26, 2017 conference call, Magnacoustics' principal, Lederer, also indicated, "in sum and substance," that he would commence a legal action against ICS if it did not deliver working software to Magnacoustics. (Decl. of Mark Manewitz ¶ 8.) Magnacoustics had also already retained an attorney in June 2017 to plan for the commencement of an action against ICS. (Id.)

2

Additionally, the fact that Magnacoustics' complaint seeks more than a mere declaratory judgment is also indicative that it was not an improper anticipatory filing. See Schnabel v. Ramsey Quantitative Sys., Inc., 322 F. Supp. 2d 505, 514 (S.D.N.Y. 2004) (explaining that application of the first-filed rule was further supported by the fact that plaintiff's complaint included "direct claims for breach of contract" in addition to a declaratory judgment claim).

It is also notable that ICS's demand letter asserted, inter alia, that Magnacoustics "failed to mitigate damages." (July 18, 2017 Demand Ltr. at 2.) This shows that ICS was expecting Magnacoustics to file an affirmative suit against it seeking damages, and weighs against a finding that the New York Action was an improper anticipatory filing. The demand letter also noted that Magnacoustics had ceased responding to any communications from ICS as of July 1, 2017. (Id. at 1.)

The Court also finds that, in light of all of the circumstances, the conduct of Magnacoustics' attorneys in July and August 2017 after they received ICS's demand letter does not rise to the level of misleading or deceptive behavior that would constitute special circumstances.

Further, when the Court considers the "balance of convenience" factors, the Eastern District of New York is the appropriate forum for this action.[1]

As the Second Circuit has explained,

> in applying the "balance of convenience" exception, we have considered the ties between the litigation and the forum of the first-filed action. . . . [T]he factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a). Among these factors are:
>
> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative

---

[1] The Court's finding that the balance of convenience factors weigh in favor of the Eastern District of New York illustrates that Magnacoustics' decision to file suit in New York was not the result of improper forum shopping.

3

means of the parties.

Employers Ins. of Wausau, 522 F.3d at 275 (citations and internal marks omitted).

While a number of these factors are neutral, other critical factors, including the locus of operative facts, weigh in favor of Magnacoustics. In addressing these factors, Magnacoustics submitted a lengthy declaration from Lederer setting forth facts showing that the locus of operative facts is in the Eastern District of New York. At the very least, Lederer's declaration indicates that the locus of operative facts exists more so in this district than in any other single district. Lederer's declaration also notes that relevant equipment that may have to be examined during the litigation is also located in New York. By contrast, the ICS Litigants did not provide any affidavit or declaration to support their arguments concerning the relevant factors, including the conveniences of the witnesses or the locus of operative facts.

One factor that weighs slightly in the ICS Litigants' favor is the forum's familiarity with the governing law. The ICS Litigants point out that they have brought a claim under the Massachusetts Consumer Protection Act and the District of Massachusetts likely has more familiarity with the law governing that cause of action. That factor, however, is ultimately insufficient to tip the scales in ICS' favor.

Because Magnacoustics filed the instant suit, the plaintiff's choice of forum factor also weighs in its favor. That said, the Court would find the balance of convenience factors to weigh in Magnacoustics' favor even if: (1) the plaintiff's choice of forum factor were considered neutral (since the parties' respective filings were separated by only four days); or (2) the Court were to assume, for the sake of argument, that the Massachusetts Action were the first filed action (which would result in ICS receiving the benefit of this factor).

Finally, contrary to the arguments of the ICS Litigants, the Court does not find that the

conduct of Magnacoustics' attorneys surrounding the filing of the New York Action renders litigation in this forum against the interests of justice.

## II. CONCLUSION

For the reasons stated above, the Court denies the ICS Litigants' motion to dismiss, (ECF No. 38), and grants Magnacoustics' motion to transfer the Massachusetts Action to this Court, (ECF No. 42).[2]

**SO ORDERED.**

Dated: November 19, 2018
      Central Islip, New York

                                                  /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

---

[2] As part of its motion to dismiss, the ICS Litigants also moved to dismiss the fraud claims against them. This Order does not resolve that branch of the ICS Litigant's motion to dismiss. The Court will address that issue in a separate order.